SLACK *v.* SLACK.

An interlocutory order striking out a plea of *res judicata* to a bill in equity, *reversed*, for the reasons given in Slack *v.* Perrine, *ante*, p. 128.

No. 571.  Submitted May 15, 1896.  Decided June 2, 1896.

HEARING on an appeal (specially allowed) from an interlocutory order striking out a plea of *res judicata* to a bill for an injunction.  *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. A. S. Worthington, Mr. George E. Hamilton* and *Mr. Julian Gerard Buckley* for the appellant.

*Mr. J. M. Wilson, Mr. Calderon Carlisle* and *Mr. Wm. G. Johnson* for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court :

This is the suit in equity instituted by William B. Slack, as next friend, for and on behalf of the infant appellees, the bill, answer, and exhibits in which were made part of the *habeas corpus* proceedings between Mary Kemble Slack and Harriet Addie Slack Perrine and Lewis Perrine, the appeal in which has just been decided.   The substance of the pleadings is given in the opinion in that case, this day filed, and need not be restated here.   This appeal has been granted from an interlocutory order striking out a plea filed by ap-

pellant February 4, 1896. This plea set up in bar of the relief prayed in the bill the proceedings on *habeas corpus* in the Court of Chancery of the State of New Jersey and the final decree therein awarding the permanent custody of the said infants to their mother, the appellant, Mary Kemble Slack. The order sustaining the motion to strike out said plea reads as follows:

"This cause coming on to be heard upon the motion of the complainants filed herein on the 8th day of February, 1896, and it appearing to the court from the transcript of the proceedings in the Orphans' Court filed with said motion that the contest touching the will of William H. Slack was terminated by a final judgment admitting the same to probate and record on the — day of February, 1896, and that the injunction heretofore granted by this court has thereby expired by its own limitations under the scope and prayers of the bill, and the court being of opinion that the plea filed in this cause on the 5th day of February, 1896, raises only a conclusion of law already decided by the court upon the hearing hereof upon the bill, answers of the defendants Lewis Perrine and Mary Kemble Slack to the rule to show cause, and the answer of the defendant Addie Slack Perrine to the rule to show cause and to the bill, and that the said plea for the reasons aforesaid was improperly filed, it is by the court ordered that the said plea be stricken from the files.

" It is further ordered that so much of the motion as seeks a modification of the existing order as to the visits of the children be, and the same is hereby, denied without prejudice to the right of the complainants to renew said portion of said motion."

The appeal from this order was allowed chiefly on the ground of the intimate connection of this case with that of *Slack* v. *Perrine,* which was already before us on appeal from the final judgment discharging the writ of *habeas corpus* sued out therein to give effect to the said decree of the

Chancery Court of New Jersey, and which said judgment was founded on the opinion of the learned justice in this case, delivered at the time he granted his restraining order. It will be observed that the order aforesaid recites that the object of the bill had been to obtain a restraining or temporary injunction only pending the proceedings in the Orphans' and the Circuit Court touching the contest of the will of William H. Slack, deceased, under which will Mrs. Perrine claimed the guardianship of the infants aforesaid.

It is also recited, as one of the reasons for striking out the plea, that by the termination of the contest of the will in an order for its probate the injunction " has thereby expired by its own limitations under the scope and prayers of the bill." The bill, however, remains and jurisdiction over the infants has been expressly retained.

For the reasons given at length in the opinion this day filed in the case of *Slack* v.. *Perrine, ante* p. 128, we think it was error to strike out the plea. The order appealed from will therefore be reversed, with costs to the appellant, and the cause remanded with direction to vacate the order striking out the plea aforesaid and to take such further proceedings as may be proper and not inconsistent with the opinion aforesaid.

*Reversed.*